| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Curtis McMillan & Renee McMillian | Dyck-O'Neal, Inc. |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Castle Law Office of St. Louis<br>500 N. Broadway, Ste. 1400<br>St. Louis, MO 63102 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor's complaint to determine the extent and validity of lien against property of the estate/Action to strip consensual junior mortgage held by Dyck-O'Neal, Inc.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

(L.F. 18 Rev. 06/08)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Curtis McMillan & Renee McMillan | BANKRUPTCY CASE NO.<br>10-50209-3990 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missouri | DIVISION OFFICE<br>Eastern Division | NAME OF JUDGE<br>Honorable Barry S. Schermer | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Corrine Edwards | | | |
| DATE<br>7-7-11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Corrine E. Edwards | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(L.F. 18 Rev. 06/08)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Curtis McMillan & Renee McMillan, Debtors. | ) ) ) ) ) ) | CASE NO. 10-50209-399<br><br>Chapter 13 |
| Curtis McMillan & Renee McMillan, Plaintiffs, v. Dyck-O'Neal, Inc. Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary No.<br><br>DEBTORS' COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS, AND ENCUMBRANCES AGAINST PROPERTY OF THE ESTATE |

## DEBTORS' COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS, AND ENCUMBERANCES AGAINST PROPERTY OF THE DEBTORS' BANKRUPTCY ESTATE

COMES NOW *Curtis and Renee McMillan,* Debtors/Plaintiffs, herein and for their Complaint against *Dyck-O'Neal, Inc.*, Defendant, and pray for entry of a judgment determining the nature, extent and validity of any claims held by Defendant herein against the property of Debtors' Bankruptcy Estate and states as follow:

### I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334.

### II. VENUE

2. Venue of this proceeding lies in the Bankruptcy Court for the *Eastern District of Missouri, Eastern Division*, pursuant to 28 U.S.C. §1409(a) in that *Curtis and Renee McMillan*, Debtors herein, initiated a voluntary petition under Chapter 13 of the Bankruptcy Code on September 7, 2010, and such case continues to be pending as of the date of this complaint.

## III. CORE PROCEEDING

3.  This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

## IV. CASE FACTS

4.  On or about September 7, 2010, Debtors herein filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. John V. LaBarge, Jr. is the trustee appointed to serve in this case.

5.  On the date of the bankruptcy petition herein, the above named estate was the owner in fee simple of the following real estate: *16 Gardenview Dr., St. Peters, MO 63376* (hereinafter the "Real Property"), and is more fully described as follows:

> **Lot 184 of Sunny Hill Estates Plat 2, according to the plat thereof recorded in Plat Book 21 Page 40 of the St. Charles County Records.**

6.  Debtors listed the Real Property as having a value of $145,500.00 on Schedule A.

7.  Debtors recently obtained an appraisal completed by Tracie L. Baricevic, on or about August 26, 2010. The Residential Appraisal Report lists the fair market value of the Real Property as $145,500.00.

8.  The Plaintiffs executed a First Note and Deed of Trust in favor of Chase Home Finance, LLC, or its predecessor in interest, on or about January 7, 2005. The outstanding balance on this debt as of September 7, 2010 was $158,434.81.

9.  The Plaintiffs executed a Second Note and Deed of Trust in favor of Defendant or its predecessor in interest, on or about January 7, 2005. The outstanding balance on this debt as of September 7, 2010 was approximately $50,386.64. This is the second consensual mortgage the Plaintiff granted as to the Real Property.

10. The Plaintiffs executed a Third Note and Deed of Trust in favor of  or his predecessor in interest, on or about April 21, 2005. The outstanding balance on this date as of September 7, 2010 was approximately $20,710.00. This is the third consensual mortgage the Plaintiff granted as to the Real Property.

11. Pursuant to 11 U.S.C. §1322(b)(2), the Debtors' Plan in a Chapter 13 proceeding may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims..." Pursuant to 11 U.S.C. §506(a): "An allowed claim of a creditor secured by a lien on property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such

claim." Pursuant to 11 U.S.C. §506(d): "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…"

12. Pursuant to §§506(a) and 1322(b)(2), the rights of a holder of a claim secured by a lien on the Debtors' residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed amounts of senior liens thereon.  The rights of such junior lien holders are subject to modification, including treatment of their claims as general unsecured claims and the liens subject to removal upon granting of a Chapter 13 discharge.

13.  The subject real property having a market value no more than $145,500.00 on the date of filing and being subject to valid superior liens for claims in the total amount $158,434.81, the claim of the Defendant herein is secured by no value in excess of the superior lines.  The claim of Defendant herein is not "secured" within the meaning of §506(a) and is subject to modification.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter its judgment and Order determining that Defendant herein is the holder of a general, unsecured claim and the lien in the form of a Deed of Trust attaching to the Real Property be released upon granting of a Discharge pursuant to §1328(a).


Date:   07/01/2011                          RESPECTFULLY SUBMITTED,

                                            CASTLE LAW OFFICES OF ST. LOUIS, P.C.

                                            By:     /s/ Corrine Edwards
                                            James R. Brown,  42100MO
                                            Corrine E. Edwards, 61413MO
                                            Attorneys for Debtors
                                            500 N. Broadway, Suite 1400
                                            St. Louis, MO.  63102
                                            (314) 436-3300 Fax: (314) 241-7889
                                            E-Mail: edmo@castlelaw.net

## Proof of Service

The undersigned certifies that a true copy of the foregoing Complaint was served upon the persons listed below, via certified mail, postage prepaid, on this 1st day of July, 2011.

/s/ Linda Smith

Mr. John V. LaBarge, Jr.  VIA ELECTRONIC MAIL ONLY
P.O. Box 430908
St. Louis, Missouri 63143

Dyck-O'Neal, Inc.
P.O. Box 13370
Arlington, TX 76094


Michael J. Cramer
President & CEO
Dyck O'Neal
3214 W Park Row Dr.
Arlington, TX 76013

Michael J. Cramer
President & CEO
15301 Spectrum Dr. Suite 450
Addison, TX 75001

Dyck-O'Neal, Inc.
CT Corporation System
120 South Central Ave.
Clayton, MO 63105

Curtis & Renee McMillan
16 Gardenview Dr.
St. Peters, MO 63376

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| **IN RE:** | **Curtis McMillan &** ) | **CASE NO. 10-50209-399** |
| | Renee McMillan, ) | |
| | Debtors. ) | **Chapter 13** |
| | ) | |
| | ) | |
| | ) | |
| | **Curtis McMillan &** ) | |
| | Renee McMillan, ) | |
| | Plaintiffs, ) | |
| v. | ) | **Adversary No.** |
| | ) | |
| | **Dyck-O'Neal, Inc.** ) | |
| | Defendant. ) | |
| | ) | |

## EXHIBIT SUMMARY

Pursuant to L.R. 9040-1, the following exhibits are referenced in support of Debtors' Complaint to Determine the Extent and Validity of Liens, Claims, and Encumbrances Against Property of the Estate. Copies of the following exhibit will be provided as required by Local Rules:

    1.       Residential Appraisal Report prepared by Tracie L. Baricevic.


RESPECTFULLY SUBMITTED,

CASTLE LAW OFFICES OF ST. LOUIS, P.C.

By:    /s/ Corrine Edwards
James R. Brown, 42100MO
Corrine Edwards, 61413MO
500 N. Broadway, Suite 1400
St. Louis, MO. 63102
Phone: (314)436-4134
Fax:    (314) 241-7889
E-Mail: edmo@castlelaw.net